FILED
FEB 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For the District of Columbia

Timothy Doyle Young #60012-001
USP-Max-ADX
PO Box 8500
Florence, CO 81226

CASE NUMBER  1:07CV00343
JUDGE: Unassigned
DECK TYPE: Pro se General Civil
DATE STAMP: 02/13/2007

vs.

① U.S. Dept. of Justice
② Alberto Gonzales
   950 Pennsylvania Ave., N.W.
   Washington, DC 20530

③ Bureau of Prisons
④ Harley Lappin
⑤ Harrell Watts
   320 First St., N.W.
   Washington, DC 20534

⑥ Michael Nalley
   Gateway Complex, Tower II
   400 State Ave.
   Kansas City, KS 66101-2492

RECEIVED
JAN 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

①

1

⑦ R. Wiley
⑧ Mr. Collins
⑨ Mr. Sudlow
⑩ Mr. Madison
USP-Max-ADX
PO Box 8500
Florence, CO 81226

⑪ Judge Weinshienk
⑫ Magistrate Boland
901 19th St.
Denver, CO 80294-3589

## Complaint

① On 8-10-2006 I asked for and received a BP8 to file on the 8 day delay of my legal mail by way of withholding legal envelopes from me. Later that same day, I was shookdown in retaliation by the person I received the BP8 from and who I was going to file on, Counselor Madison.

②

(2) When I filed grievances on the legal envelope issue and the retaliatory shakedown (#424741 and #424744), the Defendants retaliated further by cutting off access to photocopying. This was the sole reason for the dismissal of case #06-CV-1253 (failure to prosecute).

(3) All of the Defendants in this case were served with 3 motions for a Preliminary Injunction describing the deliberate denial of access and they failed to intervene or tacitly approved.

(4) The civil action 06-CV-1253 was filed in June 2006 at the USDC in Denver and it included violations of the A.D.A.-R.A., conspiracy, FOIA, the Privacy Act, etc. Some of the issues

are continuing and ongoing violations of these statutes occurring after the filing of #06-CV-1253.

I request a jury trial for this civil action.

Claim One

(5) Counselor Madison, Case Mgr. Sudlow, and Unit Mgr. Collins, individually and officially, under: Bivens 28 USC §1331 for violations of the First Amendment (access and retaliation) and the Fifth Amendment (Due Process); civil conspiracy 42 USC §§1985(2)(deterrence and injury), §1986, §1988; A.D.A. 42 USC §12203; PLRA 42 USC §1997; and Prohibition 18 USC §1514.

(6) Mr. Madison, Mr. Sudlow, and Mr. Collins (Unit Team) retaliated against me (starting on 8-10-06) with

(4)

a retaliatory shakedown, confiscation of personal property, falsification of BOP records, destruction of BOP records (spoliation of evidence), denial of photocopies and legal envelopes, and limiting writing paper. This was done in violation of 18 USC §241, in collusion, and with knowledge of a case in Court with the intent to retaliate, intimidate, and impede my access to the Court because of my use of the grievance procedure and/or the Courts.

(7) This was the reason that I was unable to prosecute 06-CV-1253 which was the cause of dismissal.

### Claim Two

(8) Warden Wiley, Regional Director Michael Nalley,

(5)

National Appeals Director Harrell Watts, BOP Director Harley Lappin, and Attorney General Alberto Gonzales. All officially and individually under: Bivens 28 USC §1331 for violations of the 1st Amendment (access and retaliation) and 5th Amendment (Due Process); civil conspiracy 42 USC §1985(2)(deterrence and injury), §1986, §1988; PLRA 42 USC §1997 (retaliation); A.D.A. 42 USC §12203.

⑨ On 8-15-2006, 8-17-2006, and 9-8-2006 the Defendants were served with copies of motions for a Preliminary Injunction (dkt #32, 35, 41) describing the retaliation and deliberate denial of access, but they failed to act or tacitly approved.

### Claim Three

⑥

⑩ Dept. of Justice and Bureau of Prisons under: FOIA 5 USC §552; Privacy Act 5 USC §552a; and A.P.A. 5 USC §§702-706.

⑪ The ADX legal library is impeding my access to the Courts. I've sent numerous requests since June 2006 for FOIA copies of statutes and case law copies of missing books or missing pages. The book 333 F3d has been lost for nine months or more and I have been trying to read 333 F3d 1199 because it applies to the Court's duty to serve process in the 10th circuit. Also, 977 F2d 1383 (missing book) and 309 F3d 1002-1010 (missing pages).

⑫ My multiple requests for FOIA copies of the

statutes listed in Nigro, 40 F3d 990, 996 have also been ignored for the last 3 months. These statutes relate to the authority given to the DOJ to fashion the grievance rules and is an integral part of my complaints.

(13) BOP documents, some of which are public records, have been falsified in violation of the Privacy Act and 18 USC §1001: The 8-10-06 confiscation form; the responses to #425106 (BP8, BP9, BP10); the rejection notices for 425106, 424741, and 433767; and the BP8 for 434926.

(14) The adverse effects of the above are: denial of access to the Court, denial of Due Process, and frustration or denial of PLRA exhaustion.

## Claim Four

(15) Judge Weinshienk and Magistrate Boland, individually and officially under 42 USC §1985(2), §1986, §1988.

(16) Judge Weinshienk and Magistrate Boland denied my access to the Court in the furtherance of a conspiracy by submitting documents containing misrepresentations of material fact, failure to serve process, and failure to interpret the Preliminary Injunction motions liberally.

(17) They do not have Judicial Immunity for two reasons: A.) They failed to act, if they had acted in any manner they would have had immunity for their judicial <u>acts</u>, but they repudiated

jurisdiction and immunity. B.) The obligation created by 28 USC §1915 to serve process is an administrative duty and not covered by Judicial Immunity.

(18) Judge Weinshienk and Magistrate Boland's practice of automatically demanding that a prisoner complaint be amended is unconstitutional because this custom is designed to disadvantage the prisoner plaintiff (e.g., F.R.Civ.P. #15).

### Relief Requested

(19) Nominal damages from Judge Weinshienk and Magistrate Boland.

(20) $4,000.⁰⁰ compensatory and $25,000.⁰⁰

punitive damages from each Defendant for each act and/or violation.

(21) $10,000.⁰⁰ from each Defendant for violations of the Privacy Act because of the intent to deprive me of Constitutional Rights.

(22) $100,000.⁰⁰ from each Defendant for violation of 42 USC §12203.

(23) Injunctive Relief ordering the Defendants to stop impeding my access by refusing to make photocopies of court documents and exhibits. An Order requiring the Defendants to stop withholding legal envelopes from me. An Order requiring Defendants to treat

(11)

incoming mail from the USDC and the U.S. Attorney as legal mail.

(24) Declaratory Relief stating that because of the PLRA, Booth 532 US 731, Porter 534 US 516, Lewis 518 US 343, Roth 408 US 564, and the First Amendment, the grievance procedure is a protected property interest.

## Disclaimer

(25) Both grievances #424744 and #425106 were due on Jan. 16th, 2007. Since I have not received a response or an extension of time, I may consider that as a denial. See 28 CFR §542.18.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*Tim Young*

Sunday Jan. 21, 2007.

Timothy Doyle Young #60012-001

USP-Max-ADX

POBox 8500

Florence, CO 81226